IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00699-BNB

LINDA SALMEN,

      Plaintiff,

v.

DR. MITRA RAZZAGHI,
RAE RICE,
RANDY SMITH, and
JOHN/JANE DOE,

      Defendants.

ORDER DIRECTING PLAINTIFF
TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff Linda Salmen is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Denver Women's Correctional Facility. Ms. Salmen has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. She requests that she be given proper medical care, medicines, and needed shoes. Plaintiff further requests appointment of counsel so that she may have assistance in determining any other relief to which she may be entitled. The request for appointment of counsel will be denied. Plaintiff is not entitled to an attorney simply to determine the type of relief she may seek.

The Court must construe the Complaint liberally, because Ms. Salmen is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Salmen will be ordered to file an Amended Complaint.

With respect to the named Defendants, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each named Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Also, a defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it is not clear whether Ms. Salmen has exhausted her claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Ms. Salmen is a prisoner confined in a correctional facility. The claims she asserts relate to prison conditions. Therefore, she must exhaust the available

administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Ms. Salmen must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Ms. Salmen has failed to exhaust administrative remedies for any one of her claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Plaintiff and to all inmates applies "to problems that are not solved by staff and offenders through dialogue and discussion" and are "addressed by following the procedures in this administrative regulation." DOC Administrative Regulation 850-4, Grievance Procedure at IV.A.3.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.C.1.c. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.C.1.c. If a prisoner fails to meet all of the procedural requirements a grievance officer may deny the grievance on procedural grounds without addressing any of the substantive issues. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.C.1.c. When a grievance is denied for a procedural error the

grievance officer certifies that the grievance is not exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.C.1.c.

Although Ms. Salmen asserts that she did not receive a response to her Step Three grievance, the attached letter from the DOC grievance officer is a response to her Step Three grievance and indicates that Plaintiff failed to abide with procedural requirements by attaching copies of her Step One and Step Two grievances. It appears that Plaintiff has not exhausted her administrative remedies. Therefore, Ms. Salmen will be ordered to show cause why the Complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure. Accordingly, it is

ORDERED that Ms. Salmen file **within thirty (30) days from the date of this Order** an original copy of an Amended Complaint that states what each named Defendant did to violate her constitutional rights and that shows cause why the Complaint should not be dismissed for failure to exhaust the DOC's three-step administrative remedy procedure. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Salmen, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Ms. Salmen submit sufficient copies of the Amended Complaint to serve each named defendant. It is

4

FURTHER ORDERED that, if Ms. Salmen fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's request for appointment of counsel is denied.

DATED May 15, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00699-BNB

Linda Salmen
Prisoner No. 124140
DWCF
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  5-15-06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk