IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00699-LTB-BNB

LINDA SALMEN #124140,

Plaintiff,

v.

RAE RICE,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the defendant's **Motion to Dismiss** [Doc. #27, filed 9/22/06] (the "Motion") and **Memorandum Brief in Support of Defendant's Motion to Dismiss** [Doc. #28, filed 9/22/06] (the "Brief"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC"). At all times pertinent to the allegations of the Complaint, she was housed at the Denver Women's Correctional Facility ("DWCF"). *Complaint*, p. 2, ¶ 1.

The plaintiff filed her initial Prisoner Complaint on April 14, 2006 [Doc. #4] (the "Initial Complaint"). The Initial Complaint named as defendants Dr. Mitra Razzaghi, Rae Rice, Randy Smith, and John/Jane Doe. Attached to the Initial Complaint are copies of grievances submitted by the plaintiff to the DOC and the DOC's responses to the grievances.

The plaintiff was ordered to resubmit her complaint on the proper court form. *Order Directing Clerk to Commence Civil Action and Directing Plaintiff to Cure Deficiency* [Doc. #3, issued 4/14/06]. On April 26, 2006, the plaintiff submitted an amended Prisoner Complaint [Doc. #5] (the "First Amended Complaint"). Attached to the First Amended Complaint is a response to one of the plaintiff's grievances.

On May 15, 2006, the plaintiff was ordered to amend her complaint to clarify how each named defendant personally participated in the alleged constitutional violations and to show cause why the First Amended Complaint should not be dismissed for failure to exhaust the DOC's three-step administrative remedy procedure. *Order Directing Plaintiff to File Amended Complaint and to Show Cause* [Doc. #8].

The plaintiff filed her Second Amended Prisoner Complaint (the "Second Amended Complaint") on June 14, 2006 [Doc. #11].[1] The plaintiff did not allege facts to demonstrate that defendants Dr. Mitra Razzaghi, Randy Smith, and John/Jane Doe personally participated in the alleged constitutional violations, and these defendants have been dismissed. *Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge* [Doc. #13, filed 7/14/06]. The plaintiff was permitted to proceed with her claim against defendant Rice. Id.

The Second Amended Complaint makes the following allegations:

1. The plaintiff arrived at the DWCF on December 1, 2004, in a wheelchair with a cast on her lower leg. Id. at p. 3.

2. The cast was removed on December 15, 2004. The plaintiff was "left with only [her] cast shoe to wear." The cast shoe was not supportive. Id.

3. The plaintiff attended her first therapy session on January 21, 2005. The therapist recommended "medical shoes" and therapy one to two times per week. Id.

4. The plaintiff filed a grievance to the medical department on May 24, 2005, "after weeks of the run around and no therapy." Id.

5. The plaintiff filed a Step Two grievance on June 22, 2005. She still did not have medical shoes or therapy. Id.

6. On August 23, 2005, the plaintiff received medical shoes. Id.

7. The plaintiff filed a Step Three grievance on August 25, 2005, but did not receive a response. Id.

---

[1] I include in my analysis of the Motion to Dismiss the allegations of the Second Amended Complaint and the copies of the grievances attached to the Initial Complaint and the First Amended Complaint. I do not consider allegations made in the Initial Complaint or the First Amended Complaint.

3

8.  The plaintiff had two therapy treatments in 15 months. It is now too late for therapy because her ankle has healed improperly. Id.

9.  Since her ankle has healed, the plaintiff has "fallen four times without injury because [her] ankle is weak and it gives out without warning." Id. at p. 4. The plaintiff uses a cane full time and she has been assigned an aide to assist her wherever she goes. Id.

The plaintiff asserts one claim for denial of medical care. She seeks "proper medical care, medicines, and shoes when they are needed." Id. at p. 8. The defendant seeks dismissal of the claim on several bases.

### III.  ANALYSIS

#### A.  Failure to Exhaust Administrative Remedies

The defendant asserts that the plaintiff's claim must be dismissed because she has failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"). *Brief*, pp. 7-10. The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court has interpreted §1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001).

The DOC formal grievance procedure consists of three steps. *DOC Administrative Regulation 850-4*, § IV.B.4.b. The inmate must submit Step 1, Step 2, and Step 3 grievances to an appropriate staff member. Id. The inmate must attach at each step a copy of all previous

4

grievances and responses. Id. at § B.4.a. Grievances submitted without the required attachments will be denied on procedural grounds. Id. If a grievance is denied on procedural grounds, the grievance is considered unexhausted. Id.

An inmate must receive a written response to Step 1 and 2 grievances within 25 days of receipt by the appropriate person. Step 3 grievances must be answered within 45 days of receipt. Id. at § D.1.b. If this time limit is not met, the inmate may proceed to the next step within five calendar days of the date the response was due. Id. at § D.1.d.

Citing to an attachment to the First Amended Complaint, the defendant states that the plaintiff's Step 3 grievance was denied on procedural grounds for failure to attach copies of her Step 1 and 2 grievances to her Step 3 grievance. *Brief*, p. 8. The defendant therefore argues that the plaintiff's claim must be dismissed for failure to exhaust administrative remedies.

However, the plaintiff alleges that she submitted her Step 3 grievance on August 25, 2005. *Second Amended Complaint*, pp. 6, 7. She further alleges that she filed this action because she did not receive a response within 45 days, and had not received a response as of March 31, 2006-- the date she filed this action. Id. at p. 6. These allegations are sufficient to withstand a motion to dismiss. See Jones v. Bock, 127 S.Ct. 910, 921 (2007) (stating that inmates are not required to specially plead or demonstrate exhaustion in their complaints).

### B. Personal Participation

The defendant asserts that the plaintiff's claim must be dismissed because neither the Second Amended Complaint nor any of the attached documents allege that she personally participated in any illegal or unconstitutional conduct. *Brief*, pp. 10-11.

An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir.

5

1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The Court has already found, as a matter of law, that the plaintiff has stated a claim against defendant Rice based on failure to provide medical shoes.[2] The Court's determination of this issue is the law of the case. McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1034-35 (10th Cir. 2000) (stating that when a court decides upon a rule of law, that decision should govern the same issues in subsequent stages of the case).

The plaintiff does not, however, allege any personal participation by Rice regarding failure to provide therapy. Therefore, to the extent the plaintiff claims that her permanent injury is due to denial of therapy, I respectfully recommend that the claim be dismissed for failure to allege personal participation.

---

[2]Specifically, the Court stated, "Upon review of both the original Complaint and the [Second] Amended Complaint, including attached documents, . . . Ms. Salmen asserts that Defendant Rae Rice failed to provide her with needed medical shoes for over eight months, and as a result she has permanent damage to her right ankle." *Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge* [Doc. #13, filed 7/14/06], pp. 2-3. Indeed, the plaintiff attached to her Initial Complaint a copy of her Step 2 grievance, wherein she alleges that defendant Rice failed to order the medical shoes. *Prisoner Complaint* [Doc. #4, filed 4/14/06] ("*Initial Complaint*), p. 9. In the Second Amended Complaint, the plaintiff further alleges that she was without the medical shoes for over eight months, which resulted in permanent damage to her ankle. *Second Amended Complaint*, p. 3.

### C.  Failure to State a Claim

The defendant asserts that the Second Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted.  This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The Second Amended Complaint alleges that the plaintiff was denied medical care.  A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care."  Id. at 104-05.  To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

> When the prisoner's Eighth Amendment claim is premised on an alleged delay in medical care, the prisoner must show that the delay resulted in substantial harm.  That "substantial harm" can be the ultimate physical injury caused by the prisoner's illness, so long as

7

> the prisoner can show that the more timely receipt of medical treatment would have minimized or prevented the harm. The "substantial harm" can also be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics. Although not every twinge of pain suffered as a result of delay in medical care is actionable, when the pain experienced during the delay is substantial, the prisoner sufficiently establishes the objective element of the deliberate indifference test.

Kikumura v. Osagie, 461 F.3d 1269, 1292 (10th Cir. 2006) (internal quotations and citations omitted).

The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The plaintiff does not have to allege facts to demonstrate a sufficiently culpable state of mind. Kikumura, 461 F.3d at 1293-94. However, a plaintiff may undermine her "own case by asserting facts incompatible with a deliberate indifference claim." Id. at 1294.

The plaintiff alleges that Rice knew that the plaintiff was approved for medical shoes but failed to order them for over eight months, resulting in an ankle that has improperly healed and is so weak it "gives out without warning." *Second Amended Complaint*, p. 4; *Initial Complaint*, attachment at p. 9. Assuming the allegations to be true, it is conceivable that the plaintiff could prove facts entitling her to relief against the defendant. Therefore, the allegations are sufficient to withstand a motion to dismiss.

### D.  Plaintiff's Claims for Injunctive Relief

The defendant asserts that the Second Amended Complaint should be dismissed because the plaintiff seeks only injunctive relief, and she has not alleged sufficient facts to entitle her to a permanent injunction.  *Brief*, pp. 14-16.

In her Second Amended Complaint, the plaintiff requests the following relief:

> I would request an attorney be appointed to help me with my request for relief.  At that timeof [sic] a settlement conference, with the aid of an attorney, I will be better able to make my requests for relief.
>
> In the meantime while I am still here I would like to have the proper medical care, medicines, and shoes when they are needed.  I should not have to purchase my own shoes or medication because I did not receive the proper treatment.

*Second Amended Complaint*, p. 8.

The plaintiff's request for appointment of counsel has been denied.  *Order* [Doc. #21, issued 8/10/06].  The plaintiff has not amended her request for relief.  Accordingly, I construe the Second Amended Complaint as seeking only permanent injunctive relief in the form of "proper medical care, medicines, and shoes when they are needed."

The defendant asserts that the Second Amended Complaint must be dismissed because the plaintiff "has not alleged facts that, if true, entitle her to a permanent injunction."  *Brief*, p. 15.

> [A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 126 S.Ct. 1837, 1839 (2006).

9

The plaintiff has alleged that the defendant's eight month delay in ordering medical shoes caused her to suffer permanent injury to her ankle. She seeks permanent injunctive relief in the form of proper medical care. It is conceivable that the plaintiff could prove facts entitling her to permanent injunctive relief.

## IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the defendant's Motion to Dismiss be GRANTED IN PART and DENIED IN PART as follows:

GRANTED to the extent it seeks dismissal of the plaintiff's allegations regarding failure to provide therapy, and

DENIED in all other respects.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 2, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge