**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.   06-cv-00699-LTB-BNB

LINDA SALMEN #124140

       Plaintiff,

v.

RAE RICE,

       Defendant.
_____

**ORDER**
_____

This case is before me on the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss (Doc #27) be granted in part and denied in part. Specifically, the Magistrate Judge recommends that the motion be granted to the extent it seeks dismissal of Plaintiff's complaint based on allegations regarding failure to provide therapy and denied in all other respects. The Defendant has filed timely written objections to the Magistrate Judge's recommendation. The recommendation is therefore reviewed *de novo* in light of the file, record, and Defendant's objections. Plaintiff has failed to file timely written objections to the Magistrate Judge's recommendation and is therefore barred from *de novo* review.

I first note that the Magistrate Judge failed to apply the present applicable Fed.R.Civ.P. 12(b)(6) standard. That is, the Magistrate Judge states that a claim should be dismissed only where without doubt the Plaintiff could prove no set of facts in support

of her claim entitling her to relief. As the United States Supreme Court has stated this standard is "best forgotten as an incomplete common negative gloss on an accepted pleading standard." Bell Atlantic Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955, 1968-69 (2007). But when deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. Erickson v. Pardus, ____ U.S. ____, 127 S.Ct. 2197 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief, Alvarado v. KOB-TV, LLC, ____ F.3d ____, fn. 2, 2007, WL 2019752 (10th Cir., July 13, 2007) -- that is -- a complaint must include "enough facts to state a claim to relief that is plausible on its face." TON Services, Inc. v. Qwest Corp., ____ F.3d ____, 2007, WL 2083744, 7 (10th Cir., July 23, 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. Lane v. Simon, ____ F.3d ____, 2007, WL 2136579, 3 (10th Cir., July 26, 2007). As the Tenth Circuit has explained "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, ____ F.3d ____, 2007 USApp. Lexus 16204 at *10 (10th Cir., 2007).

Defendant objects to the Magistrate Judge's recommendation, in part, asserting that Plaintiff failed to comply with the CDOC's procedural rules for filing grievances and thus failed to "properly" exhaust her administrative remedies as required by the Prison Litigation

2

Reform Act. The Magistrate Judge noted that Plaintiff alleges that she submitted her Step 3 grievance on August 25, 2005. Second Amended Complaint, pp. 6, 7. He notes that Plaintiff further alleges that she filed this action because she did not receive a response within 45 days, and had not received a response as of March 31, 2006, the date she filed this action. Id. at p. 6. The Magistrate Judge concludes that these allegations are sufficient to withstand a motion to dismiss citing Jones v. Bock, 127 S.Ct. 910, 921 (2007) stating that inmates are not required to specifically plead or demonstrate exhaustion in their complaints.

Defendant argues that "proper" exhaustion demands compliance with an agency deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing orderly structure on the course of its proceedings. Woodford v. NGO, ____ U.S. ____, 126 S.Ct. 2378, 2387-2386 (2006). Defendant argues that Plaintiff does not dispute that she did not attach copies to her prior steps and responses to her Step 3 grievance admitting that she did not know whether or not her previous steps were attached to her Step 3 grievance. But this question is more properly resolved upon a Fed.R.Civ.P. 56 motion for summary judgment or failing that, trial because taking Plaintiff's allegations as true, it is plausible that she properly exhausted her administrative remedies.

Defendant's objections do not specifically address otherwise Plaintiff's claim of denial of medical care and her claim for injunctive relief. However, assuming the allegations of her complaint to be true, it is plausible that Plaintiff could prove facts entitling her to relief on these claims against the Defendant. Alvarado, supra.

I therefore conclude on *de novo* review under the now present Fed.R.Civ.P. 12(b)96) standard, the Magistrate Judge's recommendation is correct.  Accordingly

IT IS ORDERED that the Defendant's Motion to Dismiss (Doc #27) is GRANTED IN PART AND DENIED IN PART as follows:

1.　　The motion is granted to the extent it seeks dismissal of Plaintiff's claim regarding failure to provide therapy, and

2.　　Denied in all other respects.

　　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　　  s/Lewis T. Babcock
　　　　　　　　　　　　　　　　　　　　Lewis T. Babcock, Judge

DATED:   September 6, 2007